# Matter of Liduina De Fatima GARCIA-MADRUGA, Respondent

File A30 971 002 - Boston

*Decided January 17, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A "theft offense" within the definition of an aggravated felony in section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (2000), ordinarily requires the taking of, or exercise of control over, property without consent and with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. *Matter of V-Z-S-*, 22 I&N Dec. 1338 (BIA 2000), clarified.

(2) The respondent's welfare fraud offense in violation of section 40-6-15 of the General Laws of Rhode Island is not a "theft offense" under section 101(a)(43)(G) of the Act.

FOR RESPONDENT: John H. Ruginski, Jr., Esquire, Providence, Rhode Island

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated August 21, 2007, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), as an alien convicted of an aggravated felony "theft offense" for which the term of imprisonment was at least 1 year under section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2000). The Immigration Judge also incorporated a separate decision denying the respondent's motion to terminate the proceedings. The respondent has appealed from the Immigration Judge's decision. The Department of Homeland Security ("DHS") has not filed a brief in this matter.[1] The respondent's appeal will be sustained, and the proceedings will be terminated.

---

[1] The DHS did, however, submit a brief on the issue before the Immigration Judge.

## I.  FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent was convicted on March 31, 2006, of welfare fraud in violation of section 40-6-15 of the General Laws of Rhode Island, for which she was sentenced to a 5-year term of imprisonment.  That statute provides as follows:

> Any person who by any fraudulent device obtains, or attempts to obtain, or aids or abets any person to obtain public assistance, pursuant to this chapter, to which he or she is not entitled, or who willfully fails to report income or resources as provided in this chapter, shall be guilty of larceny and, upon conviction thereof, shall be punished by imprisonment of not more than five (5) years or by a fine of not more than one thousand dollars ($1,000) or both, if the value of the public assistance to which he or she is not entitled shall exceed five hundred dollars ($500), or by imprisonment by less than one year or by a fine of not more than five hundred dollars ($500) or by both, if the value of the public assistance to which he or she is not entitled shall not exceed five hundred dollars ($500).

The conviction record reflects that the respondent was found guilty under that portion of the above statute that criminalizes fraudulently obtaining, or attempting to obtain, public assistance to which she was not entitled.  Citing *Matter of V-Z-S-*, 22 I&N Dec. 1338, 1346 (BIA 2000), the Immigration Judge concluded that the respondent's offense of welfare fraud qualified as an aggravated felony under section 101(a)(43)(G) of the Act.

## II.  ISSUE

On appeal, the respondent contends that the Immigration Judge erred in finding that her Rhode Island welfare fraud offense fits within the definition of a "theft offense" as contemplated by section 101(a)(43)(G) of the Act.  She asserts that the offense defined by the portion of the statute under which she was convicted–obtaining, or attempting to obtain, or aiding or abetting any person to obtain, public assistance to which she is not entitled, by fraudulent device–is not a "theft offense."  She argues that it represents instead a separate and distinct aggravated felony, i.e., "an offense that involves fraud or deceit" under section 101(a)(43)(M)(i) of the Act.[2]

---

[2] An aggravated felony under section 101(a)(43)(M)(i) of the Act is defined as an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.

## III.  ANALYSIS

In *Matter of V-Z-S-*, *supra*, we addressed the question of what constitutes a "theft offense" for purposes of section 101(a)(43)(G) of the Act and concluded, after an exhaustive analysis of relevant authorities, that "a taking of property constitutes a 'theft' whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent."  *Id.* at 1346.  Our focus in that case was not, however, on the meaning of a "taking" and whether theft could overlap with fraud, but on whether the deprivation must be permanent.[3]  Specifically, we examined, among other things, Federal laws, State statutes, decisions of several Federal courts of appeals, and section 223.2(1) of the Model Penal Code, defining "theft."  However, we did not consider whether a conviction under the adjoining section of the Model Penal Code, entitled "Theft by Deception," would represent a "theft offense."  *See* Model Penal Code § 223.3.

Our decision in *Matter of V-Z-S-*, *supra*, has been well received by the Federal courts.  Moreover, in the wake of *Matter of V-Z-S-*, every Federal court of appeals to have addressed the meaning of "theft offense" under section 101(a)(43)(G) has determined that it necessarily includes the requirement that the property have been obtained from its owner "without consent." *See Burke v. Mukasey*, No. 06-60710, 2007 WL 4295386, at *2 (5th Cir. Dec. 10, 2007) (per curiam) (involving a conviction for criminal possession of stolen property); *Abimbola v. Ashcroft*, 378 F.3d 173, 176 (2d Cir. 2004) (involving a conviction for larceny); *Nugent v. Ashcroft*, 367 F.3d 162, 173-74 (3d Cir. 2004) (involving a conviction for theft by deception for having passed a bad check); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc) (involving a conviction for petty theft of cigarettes and beer); *United States v. Vasquez-Flores*, 265 F.3d 1122, 1125 (10th Cir. 2001) (involving a conviction for attempting to knowingly receive or transfer a stolen motor vehicle); *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1008-09 (7th Cir. 2001) (involving a conviction for possession of a stolen motor vehicle).  The Supreme Court has also observed with apparent approval that "[t]he Ninth Circuit, like other Circuits and the BIA, accepted as a generic definition of theft, the 'taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.'"  *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 820 (2007) (quoting *Penuliar v. Gonzales*, 435 F.3d 961, 969 (9th Cir. 2006)).  Other than

---

[3] We note that the statute involved in *Matter of V-Z-S-*, *supra*, specifically required a taking "'without the consent of the owner.'"  *Id.* at 1347 (quoting section 10851 of the California Vehicle Code).

*Nugent v. Ashcroft*, *supra*, however, none of these cases addressed whether fraud crimes may also be encompassed in the definition of theft.

In contrast, the Fourth Circuit examined the interplay between a "theft offense" and "an offense that involves fraud" in *Soliman v. Gonzales*, 419 F.3d 276 (4th Cir. 2005).[4] The alien in that case was convicted of the fraudulent use of a credit card for having misrepresented that she was the holder of a credit card, without the card holder's consent, to obtain property in excess of $200. Like the respondent, the alien argued that she was not convicted of a "theft offense" under section 101(a)(43)(G) of the Act but, rather, a "fraud" offense covered by section 101(a)(43)(M)(i). The court noted our unpublished order in that case, in which we agreed with the alien that her offense "'by its terms, involves fraud,'" but nonetheless found that the theft and fraud provisions of sections 101(a)(43)(G) and (M)(i) were not mutually exclusive and that "'a crime which involves fraud may also involve theft.'" *Id.* at 279 (quoting the Board's decision). After determining that the plain text of section 101(a)(43) shows that Congress specifically distinguished fraud from theft, and that it meant for the two offenses to be treated differently, the court examined the *Black's Law Dictionary* definition of each from several editions, concluding as follows:

> When a theft offense has occurred, property has been obtained from its owner "without consent"; in a fraud scheme, the owner has voluntarily "surrendered" his property, because of an "intentional perversion of truth," or otherwise "act[ed] upon" a false representation to his injury. The key and controlling distinction between these two crimes is therefore the "consent" element–theft occurs without consent, while fraud occurs with consent that has been unlawfully obtained.

---

[4] In *Nugent v. Ashcroft*, *supra*, the Third Circuit likewise considered the relationship between a section 101(a)(43)(G) "theft offense" and a section 101(a)(43)(M)(i) "offense involving fraud or deceit." The court found that Pennsylvania's theft by deception statute fell under section 101(a)(43)(G) as a "theft offense," but also was in the nature of an offense based on fraud or deceit under section 101(a)(43)(M)(i). *Id.* at 176-79. The court further held that, for such a "hybrid" offense consisting of both a theft and a fraud crime, the elements of *both* needed to be satisfied before an alien would be removable. *See also Valansi v. Ashcroft*, 278 F.3d 203, 213 n.8 (3d Cir. 2002) ("The fact that the BIA classified embezzlement as . . . a theft offense under § 1101(a)(43)(G) does not mean that it could not also classify it as an offense involving fraud or deceit under § 1101(a)(43)(M)(i)"). However, to date, the Third Circuit has not identified another "hybrid" offense occasioning application of *Nugent v. Ashcroft*, *supra*. *See, e.g.*, *Bobb v. Att'y Gen. of U.S.*, 458 F.3d 213 (3d Cir. 2006) (distinguishing *Nugent v. Ashcroft*).

*Id.* at 282. Thus, the court held that the alien's crime would not qualify as an aggravated felony "theft offense" under section 101(a)(43)(G) of the Act under the "modified" categorical approach, as the indictment underlying the alien's conviction for credit card fraud did not charge that she had actually obtained any property from the cardholder or taken goods without the consent of the merchant.

In sum, the Federal courts of appeals' analysis of theft offenses under section 101(a)(43)(G) of the Act requires that the stolen property be obtained from its owner "without consent," and the courts have read *Matter of V-Z-S-*, *supra*, to include this element as well. We believe the courts' interpretation of *Matter of V-Z-S-* is correct, since the natural reading of the definition we adopted there, i.e., that there must be a "*taking*" of property (as opposed, e.g., to an acquiring of property), is that the property must be obtained "without consent."

We therefore find that we are in substantial agreement with *Soliman v. Gonzales*, *supra*, that the offenses described in sections 101(a)(43)(G) and (M)(i) of the Act ordinarily involve distinct crimes. Whereas the taking of property *without consent* is required for a section 101(a)(43)(G) "theft offense," a section 101(a)(43)(M)(i) "offense that involves fraud or deceit" ordinarily involves the taking or acquisition of property with consent that has been fraudulently obtained.[5] Accordingly, we now refine the definition in *Matter of V-Z-S-*, *supra*, to clarify that a theft offense within the meaning of section 101(a)(43)(G) consists of the taking of, or exercise of control over, property[6] without consent whenever there is criminal intent to deprive the

---

[5] However, the definition in *Soliman v. Gonzales*, *supra*, of a fraud offense is not before us, and we need not decide whether it is sufficiently inclusive. That is, we do not discount the possibility that the theft and fraud aggravated felony compartments are not watertight such that certain crimes, like the theft by deception offense at issue in *Nugent v. Ashcroft*, *supra*, may constitute both a theft offense and one "involv[ing] fraud." *See Valansi v. Ashcroft*, *supra* (holding that the elements of an offense that "involves fraud" need not be coextensive with a crime of fraud); *see also Conteh v. Gonzales*, 461 F.3d 45 (1st Cir. 2006) (same). That does not mean, however, that we subscribe to the *Nugent* court's holding that in such an instance the elements of *both* aggravated felony branches must be demonstrated. Nor need we determine in this case the precise meaning of "consent," for example, whether it applies to consent induced by coercion. *See* 18 U.S.C. § 1951(b)(2) (2000).

[6] The language "exercise of control" does not come from *Matter of V-Z-S-*, but we incorporate it inasmuch as the Supreme Court in *Gonzales v. Duenas-Alvarez*, *supra*, employed that phrase in summarizing the theft definition adopted by the courts of appeals and the Board. Presumably, the "exercise of control" formulation is designed to better capture the concept of an indirect "taking" or a situation where the owner originally relinquished the property on a consensual, nonfraudulently induced basis (e.g., where it was

(continued...)

owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent.

## IV. CONCLUSION

We conclude that the respondent's offense of welfare fraud under section 40-6-15 of the General Laws of Rhode Island does not constitute the taking of, or exercise of control over, property without consent and with the criminal intent to deprive the owner of the rights and benefits of ownership. The respondent has therefore not been convicted of an aggravated felony "theft offense" as defined in section 101(a)(43)(G) of the Act. Accordingly, the respondent's appeal will be sustained, and the proceedings will be terminated.

**ORDER:** The appeal is sustained, and the removal proceedings are terminated.

---

(...continued)

lent to the offender for a limited time or purpose, but the offender later determined to keep it for himself).