[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13543
Non-Argument Calendar

_____

Agency No. A97-685-556

OYEDELE OREMADE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 16, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Oyedele Oremade, through counsel, seeks review of the Board of Immigration Appeals' ("BIA's") decision, affirming the immigration judge's ("IJ's") order finding him removable and denying his application for withholding of removal, relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and deferral of removal under the CAT. The Final Administrative Removal Order ordered that Oremade be removed to Nigeria pursuant to section 238(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1228(b), because he was convicted of an aggravated felony. Oremade's convictions included convictions for financial identity fraud, in violation of N.C. Gen. Stat. Ann. § 14-113.20; insurance fraud, in violation of N.C. Gen. Stat. Ann. § 58-2-161; false pretenses, in violation of N.C. Gen. Stat. Ann. § 14-100; conspiracy to pass, utter, possess, and conceal, with intent to defraud, counterfeit federal reserve notes, in violation of 18 U.S.C. § 371, and possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. Oremade was sentenced to three years' probation for his federal offenses, 15 to 18 months' imprisonment for his state offenses, and ordered to pay $800 in restitution for his state offenses.

After he was ordered removed, Oremade requested withholding of removal, CAT relief, and deferral of removal under the CAT. After a reasonable fear interview, his case was referred to an IJ. The IJ then ordered Oremade removed to

2

Nigeria pursuant to the charges in the removal order and denied his three requests for relief.

On appeal, Oremade argues that his criminal offenses were not aggravated felonies. The government concedes that the IJ erred by finding that Oremade was an aggravated felon. It asserts that, as a result, we must vacate the removal order because Oremade should have been placed in removal proceedings pursuant to 8 U.S.C. § 1229a before an IJ, instead of being placed in administrative removal proceedings pursuant to 8 U.S.C. § 1228(b).

Generally, an alien is placed into removal proceedings pursuant to 8 U.S.C. 1229a. However, when an alien has committed an aggravated felony he may be removed in an administrative proceeding, pursuant to 8 U.S.C. § 1228(b), if: (1) he is an alien; (2) who has not been admitted for lawful permanent residence; (3) who has been convicted of an aggravated felony; and (4) who is removable because of that conviction. *See* 8 C.F.R. § 238.1(b)(1).

An alien who has been convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(a)(iii). Aggravated felonies include theft for which the term of imprisonment is at least one year, fraud involving a loss to a victim or victims of over $10,000, and counterfeiting a passport for which the term of imprisonment is at least one year. *See* 8 U.S.C. § 1101(43)(G), (M), (P). The BIA has clarified that "a theft offense within the meaning of [§ 1101(43)(G)] consists of the taking of, or

3

exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." *Matter of Garcia-Madruga*, 24 I&N Dec. 436, 440-441 (BIA 2008).

Oremade and the government correctly assert that Oremade did not commit an aggravated felony because none of his convictions fall within the definition of an aggravated felony found in 8 U.S.C. § 1101(43). Because Oremade was not an aggravated felon, the removal order is void and must be vacated. Because we are vacating Oremade's removal order, we will not consider his arguments seeking relief from the removal order.[1] Accordingly, we vacate the removal order and grant Oremade's petition for review.

**PETITION GRANTED, REMOVAL ORDER VACATED.**

---

[1]Although the government concedes that the legal basis for Oremande's removal should be vacated, it requests that this court still consider Oremade's claims for relief because he is removable on other grounds. (*See* Red Brief at 26). However, neither the BIA nor the IJ made any such findings, so this court has nothing to review as far as Oremade's removability is concerned. In addition, the government also acknowledges that Oremade has been removed to Nigeria. (*See id.* at 17). As such, it is unclear what actions the DHS would take once this case returns to the immigration court, as Oremade is not presently in the country. Oremade would need to seek to return to the United States under procedures not utilized in this case, and his success in gaining readmittance would be speculative.