# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2961

_____

| | |
|---|---|
| Gilberto Arteaga-Huerta, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the Board |
| | * of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General | * |
| of the United States, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: December 2, 2009
Filed:  December 7, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gilberto Arteaga-Huerta, a native of Mexico, petitions for review of a Board of Immigration Appeals order affirming an immigration judge's (IJ's) decision holding him removable and ineligible for cancellation of removal.  We deny the petition.

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Arteaga-Huerta conceded removability based on a drug offense, amphetamine possession, in violation of Cal. Health & Safety Code § 11377(a) (unauthorized possession of controlled substance). See 8 U.S.C. § 1227(a)(2)(B)(i) (alien convicted of state or federal controlled substance offense, other than possession of 30 grams or less of marijuana, is deportable). He filed an application for cancellation of removal, asserting his conviction on his guilty plea under Cal. Veh. Code § 10851(a) (theft and unlawful driving or taking of vehicle), for which he was sentenced to a year and four months in prison, is not an aggravated felony rendering him ineligible under 8 U.S.C. § 1229b(a)(3) (Attorney General may cancel removal of deportable alien who shows, among other things, "he has not been convicted of any aggravated felony"); id. § 1101(a)(43)(G) ("[a]ggravated felony" includes a state or federal "theft offense . . . for which the term of imprisonment [is] at least one year").

The IJ and Board found Arteaga-Huerta ineligible, applying the decision in Matter of V-Z-S, 22 I & N Dec. 1338 (BIA 2000) (conviction under Cal. Veh. Code § 10851(a) qualifies categorically as theft offense within meaning of § 1101(a)(43)(G)). See Matter of Garcia-Madruga, 24 I & N Dec. 436, 440-41 (BIA 2008) ("theft offense within the meaning of [§ 1101(a)(43)(G)] consists of the taking of, or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent"); see also Gonzales v. Duenas-Alvarez, 549 U.S. 183, 189 (2007) (applying this definition when deciding "theft offense" in § 1101(a)(43)(G) includes crime of aiding and abetting Cal. Veh. Code § 10851(a) theft offense; declining to decide whether the term encompasses joyriding or accessories after the fact).

Arteaga-Huerta argues Cal. Veh. Code § 10851(a) encompasses conduct falling outside the generic definition of "theft offense," because it extends liability to an accessory after the fact, and because it encompasses "joyriding." Arteaga-Huerta thus contends the modified categorical approach should be used to determine whether his

offense is a theft offense within the meaning of § 1101(a)(43)(G), relying on Penuliar v. Mukasey, 528 F.3d 603, 611-12 (9th Cir. 2008) (holding § 10851(a) conviction does not categorically qualify as theft offense because it extends liability to accessories after the fact, who lack intent to deprive the owner of ownership, and documents charging alien were insufficient to show he committed generic theft offense within meaning of § 1101(a)(43)(G) because the indictment merely recited the statutory language of § 10851(a) and did not "narrow[] the charge to generic limits").

Reviewing the issue de novo, see Omar v. I.N.S., 298 F.3d 710, 715 (8th Cir. 2002), we conclude that even if § 10851(a) convictions do not categorically fall within the federal generic theft definition for the purpose of § 1101(a)(43)(G), the record shows Arteaga-Huerta was convicted of generic theft under the modified categorical approach. Arteaga-Huerta pleaded guilty to a felony complaint charging that he and another man "did unlawfully drive and take" a woman's vehicle without her consent "and with intent, either permanently or temporarily, to deprive [her] of title to and possession of said vehicle," in violation of § 10851(a). See Shepard v. United States, 544 U.S. 17, 20-21, 26 (2005) (in applying modified categorical approach in context of guilty plea, court may consider terms of charging document, plea agreement, or plea colloquy to determine whether plea necessarily rested on all elements of generic crime). The charging document does not include the statute's accessory language, but instead narrows the statutory language to all of the elements of generic theft within the meaning of § 1101(a)(43)(G). See id. at 21 ("details of a generically limited charging document" may show whether plea necessarily rested on fact identifying crime as generic); see also Arteaga v. Mukasey, 511 F.3d 940, 947-48 (9th Cir. 2007) (applying modified categorical approach and holding § 10851(a) conviction for joyriding qualified as aggravated felony under § 1101(a)(43)(G) where record showed alien was convicted of taking vehicle with intent to at least temporarily deprive owner of possession).

In sum, we do not reach the question whether a § 10851(a) conviction is an aggravated felony as a categorical matter, but instead conclude the conviction record in this case makes clear that Arteaga-Huerta pleaded guilty, and was convicted of, an aggravated felony theft offense.  We thus deny Arteaga-Huerta's petition for review.

_____