Bastian-Mojica v. Sessions

BIA
Straus, IJ
A074 908 814

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> *Circuit Judges,*
> ROBERT N. CHATIGNY,*
> *District Judge.*

_____

Javier Bastian-Mojica,

*Petitioner*,

v.                                                              16-3331

Jefferson B. Sessions III, United States Attorney General,

*Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER:** | Nancy E. Martin, Anthony D. Collins, Collins & Martin, P.C., Wethersfield, CT. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Song E. Park, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

_____

* Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED to the BIA.

Petitioner Javier Bastian-Mojica, a native and citizen of Mexico, seeks review of an August 31, 2016, decision of the BIA affirming a July 28, 2015, decision of an immigration judge ("IJ") ordering Bastian-Mojica removed to Mexico. *In re Javier Bastian-Mojica*, No. A074 908 814 (B.I.A. Aug. 31, 2016), *aff'g* No. A074 908 814 (Immig. Ct. Hartford July 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Bastian-Mojica was ordered removed for an aggravated felony theft offense, which ordinarily would preclude review. *See* 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to consider the question of law that he raises: whether his conviction for fourth degree larceny in violation of Connecticut General Statutes § 53a-125 is an aggravated felony theft offense as defined in 8 U.S.C. § 1101(a)(43)(G). *See* 8 U.S.C. § 1252(a)(2)(D) (providing that jurisdictional bars do not preclude review of "constitutional claims or questions of law"). We review questions of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Both this Court and the BIA have previously encountered the issue of whether the Connecticut larceny offense qualifies as an aggravated felony theft for purposes of the immigration laws, but, for reasons explained in this Order, that consideration has not yielded a definitive resolution of the issue. We will therefore remand this case to the BIA for further consideration, but deem it appropriate to provide a full explanation of why we are doing so.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration and Nationality Act ("INA"), using the following definitions, includes both theft and fraud offenses as an "aggravated felony": "The term 'aggravated felony' means-- . . . a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," 8 U.S.C.

2

§ 1101(a)(43)(G), and "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," *id.* § 1101(a)(43)(M)(i).

Bastian-Mojica was charged as removable for an aggravated felony theft offense. In *Matter of V-Z-S-*, the BIA defined a theft offense as "a taking of property . . . [with] criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." 22 I. & N. Dec. 1338, 1346 (BIA 2000). Later, in *Matter of Garcia-Madruga*, the BIA clarified *V-Z-S-* by distinguishing between the theft and fraud grounds of removability:

> When a theft offense has occurred, property has been obtained from its owner "without consent"; in a fraud scheme, the owner has voluntarily "surrendered" his property, because of an "intentional perversion of truth," or otherwise "act[ed] upon" a false representation to his injury. The key and controlling distinction between these two crimes is therefore the "consent" element--theft occurs without consent, while fraud occurs with consent that has been unlawfully obtained.

*Garcia-Madruga*, 24 I. & N. Dec. 436, 439 (BIA 2008) (quoting *Soliman v. Gonzales*, 419 F.3d 276, 282 (4th Cir. 2005)).

To determine whether an offense qualifies as an aggravated felony for purposes of removal, courts, including the Second Circuit, employ a "categorical approach," under which a court "consider[s] whether 'the minimum criminal conduct necessary to sustain a conviction' under the statute of prior conviction satisfies the definition of the applicable INA provision," but "do[es] not evaluate 'the singular circumstances' of a petitioner's prior conviction," *Hoodho v. Holder*, 558 F.3d 184, 189 (2d Cir. 2009) (quoting *James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008)).

Bastian-Mojica was convicted of fourth degree larceny. C.G.S. § 53a-125. "A person is guilty of larceny in the fourth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds one thousand dollars." C.G.S. § 53a-125(a). "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an

3

owner." C.G.S. § 53a-119. Section 53a-119 sets out 18 examples of different ways by which larceny can be accomplished, including takings of property both without consent, *e.g.*, by threatened force, and with consent, *e.g.*, by fraud. One example of a taking without consent is extortion, defined as "obtain[ing] property . . . by means of instilling . . . fear [of] physical injury," *id*. § 53a-119(5). One example of a taking with consent is obtaining property by false promise, defined as "obtain[ing] property . . . pursuant to a scheme to defraud," *id*. § 53a-119(3).

This Court first considered a Connecticut larceny offense in *Abimbola v. Ashcroft,* 378 F.3d 173, 176-80 (2d Cir. 2004). That decision ruled that a Connecticut conviction for larceny in the third degree in violation of C.G.S. § 53a-124 was an aggravated felony. (In Connecticut, all degrees of larceny use the definition of larceny in C.G.S. § 53a-119, and are distinguished primarily only by the value of the property taken. *See id.* §§ 53a-122, 53a-123, 53a-124, 53a-125, 53a-125a, 53a-125b.) However, *Abimbola* did not consider the argument, advanced by Bastian-Mojica, that larceny in Connecticut is not a theft aggravated felony because it includes takings of property both without and with consent, nor the related distinction, subsequently made by the BIA in *Garcia-Madruga*, between theft and fraud offenses. We next considered a Connecticut larceny offense in *Almeida v. Holder*, 588 F.3d 778, 783-87 (2d Cir. 2009). That decision ruled that a Connecticut conviction for larceny in the second degree in violation of C.G.S. § 53a-123 was an aggravated felony, but, like *Abimbola*, did not consider arguments based on the distinction between takings of property both without and with consent, nor the BIA's distinction in *Garcia-Madruga* between theft and fraud offenses. *Garcia-Madruga*, decided in 2005, was not cited in *Almeida*.

Moreover, the BIA has treated Connecticut's larceny offense inconsistently. For example, the BIA ruled in *In re Lopes*, 2017 WL 1230043, *3 (BIA Feb. 15, 2017) (unpublished), a case arising within the jurisdiction of the First Circuit, that a Connecticut conviction for larceny in the third degree was not an aggravated felony, and more recently ruled in *In re Mitchell*, ___ WL ___,

4

at _ (BIA June 30, 2017) (unpublished), a case arising within the jurisdiction of the Second Circuit, that Connecticut convictions for larceny in the third and fourth degree were aggravated felonies. In *Mitchell*, the BIA understandably felt obliged to follow *Abimbola* and *Almeida*. Now that the BIA will be alerted by this Order to the fact that we do not consider those decisions to have adjudicated the claim that Bastian-Mojica makes in the pending case, it will be free upon remand to consider his claim anew. Specifically, the BIA will explain whether it considers Connecticut's larceny offense to be categorically an aggravated felony theft offense in light of the Board's distinction between theft and fraud.

Accordingly, we GRANT the petition, VACATE the BIA's decision, and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
