18-3190-ag
Smith v. Barr

BIA
Tsankov, IJ
A 041 307 913

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of June, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

LINCOLN JUNIOR SMITH,
> *Petitioner*,

v.                                                                 18-3190-ag

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

---

| | |
|---|---|
| For Petitioner: | JORDAN R. DUVAL and TIMOTHY J. PROFETA, Rule 46.1(e) Law Students, supervised by Jonathan Romberg, Esq., Center for Social Justice, Seton Hall University School of Law, Newark, NJ. |
| For Respondent: | CRAIG A. NEWELL, JR., Trial Attorney (Joseph H. Hunt, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Lincoln Junior Smith, a native and citizen of Jamaica, seeks review of an October 2, 2018, decision of the BIA affirming an April 30, 2018, decision of an Immigration Judge ("IJ") finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). *In re Smith,* No. A 041 307 913 (B.I.A. Oct. 2, 2018), *aff'g* No. A 041 307 913 (Immig. Ct. N.Y. City Apr. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). Because Smith conceded removability and was ordered removed for a controlled substance offense, our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). Smith challenges the agency's determinations that certain of his past convictions were aggravated felonies and thus raises a question of law that we review *de novo. See Pierre v. Holder,* 588 F.3d 767, 772 (2d Cir. 2009).

Cancellation of removal is a discretionary form of relief that requires five years of lawful permanent resident status, seven continuous years of lawful residence in the United States, and no aggravated felony convictions. 8 U.S.C. § 1229b(a). The agency found Smith ineligible for cancellation as a result of two convictions that it concluded were aggravated felonies: a fourth-degree grand larceny conviction under N.Y. Penal Law §§ 155.05(2), 155.30(01), and a controlled substance conviction under N.J. Stat. Ann. § 2C:35-7.1. In determining whether a conviction is an aggravated felony, we are compelled to begin with a "categorical approach, under which we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Kondjoua v. Barr,* No. 16-296, 2020 WL 2758685, at *2 (2d Cir. May 28, 2020) (per curiam) (internal quotations omitted); *see also Moncrieffe v. Holder,* 569 U.S. 184, 190–92 (2013).

Here, Smith's convictions cannot be deemed aggravated felonies pursuant to the categorical approach. First — and as the Government does not dispute — Smith's New York larceny conviction is not a categorical match to an aggravated felony theft offense. The definition of aggravated felony includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The BIA has clearly distinguished between theft and fraud aggravated felonies. Unlike fraud offenses, which "ordinarily involve[ ] the taking or acquisition of property *with consent* that has been fraudulently obtained," "the taking of property *without consent* is required for a section [1]101(a)(43)(G) 'theft offense.'" *In re Garcia-Madruga,* 24 I. & N. Dec. 436, 440 (B.I.A. 2008) (emphasis added). New York's fourth-degree grand larceny statute is thus not a categorical match to an aggravated felony theft offense as defined by the BIA because it may be committed by the taking of property with consent such as through larceny by trick, embezzlement, or obtaining property by false pretenses. *See* N.Y. Penal Law §§ 155.05(2), 155.30(01).

The Government does, however, contend that Smith's New Jersey drug conviction constitutes an aggravated felony under the categorical approach. We disagree. An aggravated felony is defined, in pertinent part, to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In relevant part, "the term 'drug trafficking crime' means any felony punishable

under the Controlled Substances Act [("CSA")] (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). In order "for a state drug offense to qualify as a 'drug trafficking crime' and, by extension, an aggravated felony, it must correspond to an offense that carries a maximum term of imprisonment exceeding one year under the CSA." *Martinez v. Mukasey*, 551 F.3d 113, 117–18 (2d Cir. 2008).

Here, Smith was convicted pursuant to N.J. Stat. Ann. § 2C:35-7.1(a), which states:

> Any person who violates subsection a. of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while in, on or within 500 feet of the real property comprising a public housing facility, a public park, or a public building is guilty of a crime of the second degree, except that it is a crime of the third degree if the violation involved less than one ounce of marijuana.

The judgment of conviction shows that Smith was convicted of this offense in the second degree. Accordingly, the starting point for the categorical analysis here is whether a second-degree offense under § 2C:35-7.1 is a categorical match to "an offense that carries a maximum term of imprisonment exceeding one year under the CSA." *Martinez*, 551 F.3d at 118; *see also Moncrieffe*, 569 U.S. at 192 (starting categorical analysis with applicable subsection of statute of conviction). The CSA punishes possession with intent to distribute a controlled substance as a felony. *See Martinez*, 551 F.3d at 119 (citing 21 U.S.C. § 841(a)(1)). The CSA, however, has an exception to felony treatment; it is only a misdemeanor to distribute "a small amount of marihuana for no remuneration." 21 U.S.C. § 841(b)(4); *see also Moncrieffe*, 569 U.S. at 193–94; *Martinez*, 551 F.3d at 119–20. We have held that "an ounce, or roughly 30 grams (28.35 in point of fact), is a 'small amount' of marijuana within the meaning of 21 U.S.C. § 841(b)(4)." *Hylton v. Sessions*, 897 F.3d 57, 59 (2d Cir. 2018).[1]

Possession of exactly an ounce of marijuana would qualify as a second-degree offense pursuant to § 2C:35-7.1 because a third-degree conviction covers only "*less than* one ounce of marijuana." N.J. Stat. Ann. § 2C:35-7.1(a) (emphasis added). But, based on our definition in *Hylton*, exactly one ounce of marijuana (if distributed for no renumeration) is not a felony under federal law because an ounce is a small amount of marijuana. *See Hylton*, 897 F.3d at 59. Accordingly, the minimum conduct for conviction in the second degree under N.J. Stat. Ann. § 2C:35-7.1 is not a felony under the CSA. *See Martinez*, 551 F.3d at 121 ("[T]he *sole* ground for determining whether an immigrant was convicted of an aggravated felony is the minimum criminal conduct necessary to sustain a conviction under a given statute."). Though the mismatch may be small, the categorical approach allows for no such disjunction, and as a result a second-degree offense under § 2C:35-7.1 is not a categorical match to 21 U.S.C. § 841(a)(1).

However, the lack of a categorical match between the state and federal statutes does not end the inquiry. Where there is not a categorical match, the agency or reviewing court must determine whether the statute of conviction is divisible, *i.e.*, whether it encompasses some criminal acts that fall within the federally defined offense and others that do not. *Abimbola v. Ashcroft*, 378 F.3d 173, 177 (2d Cir. 2004). If the state statute contains a "list of alternative elements" that create separate crimes,

---

[1] Contrary to the petitioner's suggestion, the operative definition of a "small amount" provided in *Hylton* is an ounce. We do not read the allusion to "roughly 30 grams" that followed this definition to either alter the operative amount or create any ambiguity, especially in light of the exact conversion provided in the subsequent parenthetical.

the statute is "divisible," and the modified categorical approach applies. *Descamps v. United States*, 570 U.S. 254, 263–64 (2013). Under this approach, courts and agencies may look to the record of conviction "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id.* at 264. Conversely, "an indivisible statute creates only a single crime, but it may 'spell[] out various factual ways,' or 'means,' 'of committing some component of the offense.'" *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017) (alteration in original) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). Where a statute provides only different means, the agency may not use the modified categorical approach. *See id.* In determining whether statutory alternatives are means rather than elements, federal courts can be assisted by "authoritative sources of state law" as to the degree of jury agreement that is necessary. *Mathis*, 136 S. Ct. at 2256.

Here, the parties debate whether N.J. Stat. Ann. § 2C:35-7.1 is divisible as to the drug involved in the offense, and thus whether the fact that Smith was convicted of a cocaine offense may be considered in determining that his conviction constitutes an aggravated felony. We decline, however, to determine in the first instance which party is correct on this front, and we instead remand to the agency to do so. *See James v. Mukasey*, 522 F.3d 250, 256 (2d Cir. 2008) (noting that, though we are not required to do so, in some cases remand may be "the wiser and more prudent course" for evaluating the divisibility of a statute and, potentially, the facts of conviction in the first instance). The agency here did not expressly undertake any analysis into whether § 2C:35-7.1 is divisible as prescribed in *Mathis* and *Harbin*, nor did it thereby determine whether and by what means it could consider the conduct underlying Smith's conviction under the modified categorical approach. Additionally, there is a disputed question as to whether and to what effect Smith admitted before the agency that his offense involved cocaine. Finally, the agency did not evaluate the extent to which the New York grand larceny statute under which Smith was convicted may be divisible as to the method of larceny.[2] As a result, we deem it appropriate for the agency to undertake the divisibility analysis in the first instance, as well as any such further inquiry as may be required concerning Smith's eligibility for cancellation of removal.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] Indeed, as noted by the Government, the Attorney General has in the interim referred to himself a case relevant to this issue. *See In re Reyes*, 27 I. & N. Dec. 708, 708 (A.G. 2019) (inviting briefing on "whether an alien who has been convicted of a criminal offense necessarily has been convicted of an aggravated felony . . . , where all of the elements of the underlying statute of conviction, and thus all of the means of committing the offense, correspond either to an aggravated felony theft offense, as defined in 8 U.S.C. § 1101(a)(43)(G), or to an aggravated felony fraud offense, as defined in 8 U.S.C. § 1101(a)(43)(M)(i)").