**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2606
_____

PABLO MARIAZZA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. BIA-1: A088-073-571)
Immigration Judge: Jack H. Weil
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 6, 2022
_____

Before: HARDIMAN, SHWARTZ, and NYGAARD, <u>Circuit Judges</u>

(Filed: October 7, 2022)

_____

OPINION*
_____

SHWARTZ, <u>Circuit Judge</u>.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Pablo Mariazza petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal, arguing that the BIA (1) erred in concluding that his theft by deception conviction under 18 Pa. Cons. Stat. § 3922(a)(1) was an aggravated felony "theft offense" as defined in 8 U.S.C. § 1101(a)(43)(G), making him removable under 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) violated his due process rights by considering K.A. v. Attorney General, 997 F.3d 99 (3d Cir. 2021), without first providing notice or requesting supplemental briefing.  Because Mariazza's arguments lack merit, we will deny the petition.

I

A

In 1999, Mariazza, a native and citizen of Venezuela, was temporarily admitted into the United States on a six-month visa.  In 2002, he was reclassified as a student and permitted to remain in the country while he attended Miami Dade College, with those studies to be completed by 2006.  Mariazza failed to complete his studies by the deadline and was ordered to leave the country immediately.

Rather than leave the country, Mariazza stayed and committed several crimes on two different dates, which led to convictions for: (1) grand theft in violation of Fla. Stat. Ann. § 812.014(2)(c), (2) two additional counts of grand theft in violation of Fla. Stat. Ann. § 812.014(2)(c), and (3) burglary of an unoccupied dwelling in violation of Fla. Stat. Ann. § 810.02(3)(B).

B

2

The Department of Homeland Security ("DHS") initiated removal proceedings against Mariazza and issued him a notice to appear ("NTA") before an Immigration Judge ("IJ"). The NTA charged him with being removable because he remained in the United States for longer than permitted and failed to comply with the conditions of his visa, in violation of 8 U.S.C. § 1227(a)(1)(B) and (C)(i), respectively. Mariazza petitioned for withholding of removal and deferral of removal under the Convention Against Torture ("CAT").

While his removal proceedings were pending, Mariazza was convicted of theft by deception in violation of 18 Pa. Cons. Stat. § 3922(a)(1) and sentenced to seven to twenty-three months' imprisonment. As a result, DHS added two more charges of removability because Mariazza was convicted of (1) an aggravated felony theft offense as defined by 8 U.S.C. § 1101(a)(43)(G), based on his Pennsylvania theft by deception crime, 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) two or more crimes involving moral turpitude ("CIMT"), based on his Florida crimes, 8 U.S.C. § 1227(a)(2)(A)(ii). Mariazza opposed the additions, but the IJ sustained them, explaining that (1) the IJ was "bound by [] Third Circuit precedent" in Al-Sharif v. U.S. Citizenship & Immigration Services, 734 F.3d 207, 213–14 (3d Cir. 2013), and Nugent v. Ashcroft, 367 F.3d 162, 174 (3d Cir. 2004), overruled in part by Al-Sharif, 734 F.3d 207, which held that theft offenses are aggravated felonies; and (2) the Florida theft offenses were CIMTs because they required proof of an "intent to either temporarily or permanently deprive the owner of a right to property or benefit, or appropriate [the] property," AR146–47.

3

After a hearing, a second IJ granted Mariazza's application for withholding of removal. That IJ found that withholding of removal was warranted because Mariazza "met his burden to prove that there is a clear probability that the current government of Venezuela will try to harm him based on his political opinion," AR67, but reaffirmed Mariazza was removable because of his aggravated felony. Mariazza appealed the removability determination.

The BIA dismissed Mariazza's appeal, affirming the IJ's "determination that [Mariazza's] [Pennsylvania] conviction . . . qualifies as an aggravated felony" under 8 U.S.C. § 1101(a)(43)(G), AR2, because (1) under both BIA and binding appellate precedent, Mariazza's Pennsylvania conviction was a "theft offense," as well as "one involving fraud," AR3 (citing In re Garcia-Madruga, 24 I. & N. Dec. 436, 440 n.5 (B.I.A. 2008); Al-Sharif, 734 F.3d at 210; K.A., 997 F.3d at 108); (2) a statute "nearly identical to 18 [Pa. Cons. Stat.] § 3922 . . . require[d] [proof of] all of the elements of the federal generic theft offense, and therefore [18 Pa. Cons. Stat. § 3922] categorically constitutes a 'theft offense' under [8 U.S.C. § 1101(a)(43)(G)]," AR3 (citing K.A., 997 F.3d at 110–12); and (3) Mariazza "was sentenced to a term of imprisonment of 7-23 months," and "[a]n indeterminate sentence is considered to be a sentence for the maximum term of imprisonment," meaning Mariazza's sentence "me[t] the imprisonment threshold" of 8 U.S.C. § 1101(a)(43)(G), AR3-4 (citing In re Jean, 23 I. & N. Dec. 373, 386 n.14 (A.G. 2002)).

Mariazza petitions for review.

4

II[1]

A

The BIA correctly concluded that Mariazza is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his theft by deception conviction under 18 Pa. Cons. Stat. § 3922(a)(1) is an aggravated felony theft offense, as defined by 8 U.S.C. § 1101(a)(43)(G).

Under 8 U.S.C. § 1227(a)(2)(A)(iii), a noncitizen "shall . . . be removed if [he] . . . is convicted of an aggravated felony at any time after admission" into the United States. Section 1101(a)(43)(G) defines "aggravated felony" as, among other things, "[1] a theft offense . . . [2] for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).[2] For indeterminate or variable sentences imposed under Pennsylvania law, we treat the maximum term of imprisonment as the applicable sentence. Bovkun v. Ashcroft, 283 F.3d 166, 170–171 (3d Cir. 2002).

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction over final orders of the BIA pursuant to 8 U.S.C. § 1252(a)(1). See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011). Because Mariazza is a criminal noncitizen, we may consider only "constitutional claims or questions of law raised upon a petition for review" pursuant to 8 U.S.C. § 1252(a)(2)(D), which includes whether a noncitizen "committed an aggravated felony." See Quinteros v. Att'y Gen., 945 F.3d 772, 780 (3d Cir. 2019). "Whether a criminal conviction constitutes an aggravated felony for purposes of removal is a question of law subject to plenary review." Avila v. Att'y Gen., 826 F.3d 662, 666 (3d Cir. 2016). When, as here, "the BIA issues its own decision on the merits and not a summary affirmance, we review its decision, not that of the IJ." Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010).

[2] A noncitizen's conviction need satisfy only one § 1101(a)(43) definition to be an "aggravated felon[]." Al-Sharif, 734 F.3d at 212–13, overruling in part Nugent, 367 F.3d 162.

Here, Mariazza was admitted into the country in 1999, was subsequently convicted of theft by deception in violation of 18 Pa. Cons. Stat. § 3922(a)(1), faced a maximum sentence of five years' imprisonment, see 18 Pa. Cons. Stat. § 106(b)(6), and was sentenced to seven to twenty-three months' imprisonment, which satisfy the one-year minimum requirement in 8 U.S.C. § 1101(a)(43)(G). The question then is whether Mariazza's theft by deception conviction under 18 Pa. Cons. Stat. § 3922(a)(1) qualifies as a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). Under our precedent, it does. See Nugent, 367 F.3d at 174.

In Nugent, we applied the "categorical approach"[3] to determine whether theft by deception under 18 Pa. Cons. Stat. § 3922(a)(1) is a categorical match with the federal generic definition formulation of a "theft offense." 367 F.3d at 170–74. This requires that we compare the elements of the generic offense with the state offense of conviction. Section 1101(a)(43)(G)'s use of "the term 'theft offense' refers to a generic formulation of a theft offense, and not any specific theft crime." K.A., 997 F.3d at 105. The generic definition consists of three elements: (1) "the taking of property or an exercise of control over property," (2) "without consent," and (3) "with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." Id.

---

[3] The categorical approach "requires a comparison between the elements of the state-law crime and those of the generic federal offense," and if "the minimum proof required for the state offense . . . satisf[ies] each element of the federal generic definition," then the two offenses are a "categorical match." K.A. 997 F.3d at 109.

Under Pennsylvania law, "[a] person is guilty of theft if he intentionally obtains or withholds property of another by deception."[4] 18 Pa. Cons. Stat. § 3922(a). The crime of theft by deception in Pennsylvania thus consists of three elements: (1) "the defendant intentionally obtained [or] withheld [certain] property," (2) "of another," (3) by "deception." See Theft by Deception-False Impression, Pa. Suggested Standard Crim. Jury Instructions § 15.3922A (alterations omitted).[5]

The three Pennsylvania elements match the generic formulation. The first and third elements require that the defendant exercised control over ("obtained [or] withheld") the property of another with criminal intent ("intentionally" by "deception"). Mariazza argument that the generic formulation's second element ("without consent") is not satisfied because the Pennsylvania statute does not expressly require a lack of consent fails because "[t]he term 'consent' as used in the [second element of the] federal generic definition . . . means 'voluntary and intelligent assent,' not merely 'assent.'" K.A., 997 F.3d at 108. In other words, the theft offenses involve a lack of "voluntarily and intelligent assent" on the part of the victim. Id. Where an "offense[] [is] predicate[d] []

---

[4] The statute sets forth three ways in which a person may "deceive," including intentionally (1) "creat[ing] or reinforc[ing] a false impression," (2) "prevent[ing] another from acquiring information which would affect his judgment of a transaction," or (3) "fail[ing] to correct a false impression which the deceiver previously created or reinforced." 18 Pa. Cons. Stat. § 3922.

[5] See also Theft by Deception-Preventing from Acquiring Information, Pa. Suggested Standard Crim. Jury Instructions § 15.3922B (listing the same elements but identifying a different type of deception); Theft by Deception-Failing to Correct a False Statement, Pa. Suggested Standard Crim. Jury Instructions § 15.3922C (same).

7

on deception," a lack of "voluntarily and intelligent assent" is implied. Id. at 111. Thus, Pennsylvania's theft by deception offense satisfies the generic formulation's second element. See id. at 111 ("[T]heft crimes predicated on deception or coercion would be committed without voluntary and intelligent assent – in satisfaction of th[e] [second] element [of the generic formulation].").  The two offenses are therefore a categorical match and therefore the BIA correctly concluded that Mariazza committed an "aggregated felony" as defined in 8 U.S.C. § 1101(a)(43)(G) and is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).[6]  See Al-Sharif, 734 F.3d at 213.

B

The BIA did not violate Mariazza's due process rights by considering K.A. without prior notice or requesting supplemental briefing.  The BIA is obligated to apply binding precedent and it was not required to notify Mariazza of its intention to rely on such precedent or seek supplemental briefing.  See Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 602 (3d Cir. 2011).  Moreover, K.A. was publicly available when the BIA relied upon it, and the BIA did not stop Mariazza from presenting his views about the case.

---

[6] Because the BIA concluded that Mariazza was removable based on his aggravated felony, the BIA did not err by not deciding whether Mariazza was removable based on his purported CIMTs.  See I.N.S. v. Bagamasbad, 429 U.S. 24, 25 (1976) ("[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Second, Mariazza cannot show that he was prejudiced by the BIA's reliance on K.A. Mariazza fails to explain how the BIA's outcome would have been different had it notified him of its intention to rely on K.A. Nor can he, as K.A. merely applied our existing precedent, 997 F.3d at 108 (citing Al-Sharif, 734 F.3d at 210), which already barred Mariazza's argument, see Nugent, 367 F.3d at 174 (non-overruled portion of opinion); Al-Sharif, 734 F.3d at 213.

Thus, consideration of K.A. did not violate Mariazza's due process rights.

### III

For the foregoing reasons, we will deny the petition.