Steven Miles CHAPLING, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–72860.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2008 *.

Filed Feb. 15, 2008.

Daniel Matthew Wigon, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Emily A. Radford, Esq., Thomas K. Ragland, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Steven Chapling, a native of the United Kingdom, appeals a decision by the Board of Immigration Appeals ("BIA") that he be removed from the United States on the ground that he has been convicted of an aggravated felony. In 2001, Chapling was convicted of receiving stolen property obtained by extortion, in violation of California Penal Code § 496(a), and sentenced to two years in prison. The Immigration Judge ("IJ") concluded that this conviction was for a theft offense and, therefore, Chapling was subject to removal for having committed an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(G); *id.* § 1227(a)(2)(A)(iii).

Because the BIA affirmed the decision of the IJ without opinion, we review the decision of the IJ as the final agency decision. *Martinez–Perez v. Gonzales*, 417 F.3d 1022, 1025 (9th Cir.2005). Although there is no judicial review of final orders of removal entered against aliens who have committed an aggravated felony, we still retain jurisdiction to determine whether the alien has been convicted of an aggravated felony. *See id.* at 1024. We review de novo the issue of whether a criminal offense is an aggravated felony. *Id.* at 1020.

Under the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), § 496(a) of the California Penal Code constitutes a generic theft offense. The offense of receiving stolen property is expressly contained within the definition of theft offense, 8 U.S.C. § 1101(a)(43)(G), and the requirement that the property have been obtained by extortion does not cause the full range of conduct criminalized by § 496(a) to exceed the scope of a generic theft offense. *See Martinez–Perez*, 417 F.3d at 1026. Chapling contends that he was not convicted of an aggravated felony because he would have been charged with a misdemeanor but for his prior convictions. Even if there were evidence in the record to support this assertion, we would still be bound by the state court's designation of Chapling's offense as a felony. *See Garcia–Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir.2003).

Chapling has not been denied due process. The Notice to Appear adequately described the allegations and charge against him. 8 U.S.C. § 1229(a)(1)(C)–(D). Chapling also has not demonstrated that he was prejudiced by not having an individual merits hearing. *See Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir.2000). Chapling, who was represented by counsel at the master calendar hearing, challenged whether his conviction qualified as an aggravated felony and whether the allegations in the Notice to Appear reflected an aggravated felony. The IJ heard and rejected Chapling's arguments in support of these challenges at the master calendar hearing. Chapling did not indicate then, and has not stated now, what further evidence he would have presented at an individual merits hearing.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.