# Matter of Samuel Alberto IBARRA, Respondent

*Decided September 15, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A "theft offense" under section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 101(a)(43)(G) (2012), which requires the taking of property "without consent," includes extortionate takings, in which consent is coerced by the wrongful use of force, fear, or threats.

(2) Robbery by force or fear in violation of section 211 of the California Penal Code is categorically an aggravated felony theft offense under section 101(a)(43)(G) of the Act.

FOR RESPONDENT: Nina Bonyak, Esquire, Riverside, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: John D. Holliday, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and MULLANE, Board Members; GELLER, Temporary Board Member.

PAULEY, Board Member:

In a decision dated January 26, 2016, an Immigration Judge determined that the respondent was not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony theft offense under section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2012), and terminated the removal proceedings.[1] The Department of Homeland Security ("DHS") has appealed from that decision. The DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Nicaragua who became a lawful permanent resident on September 17, 2001. On January 23, 2004,

---

[1] The Immigration Judge also found that the respondent was not convicted of a crime of violence under section 101(a)(43)(F) of the Act. In this decision, we need not address whether the respondent's offense qualifies as an aggravated felony under this provision.

he was convicted of two counts of second degree robbery by force or fear in violation of section 211 of the California Penal Code, with use of a deadly or dangerous weapon as an aggravating factor under section 12022.53(b).[2] He was sentenced to 3 years of incarceration for these offenses, with an additional consecutive 10 years for a firearm enhancement. He was also ordered to pay fines and restitution.

The Immigration Judge determined that a violation of section 211 of the California Penal Code is not an aggravated felony theft offense under the categorical approach because the statute proscribes generic extortion in addition to generic theft offenses. In reaching that conclusion, the Immigration Judge relied on *United States v. Becerril-Lopez*, 541 F.3d 881, 891–92 (9th Cir. 2008), a decision of the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises. In that case, the court stated that section 211 encompasses generic extortion, which is defined as obtaining property "from another with his consent induced by the wrongful use of force, fear, or threats." *Id.* (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)).

Based on this precedent, the Immigration Judge concluded that section 211 of the California Penal Code punishes offenses that are not included in the generic definition of theft because a violation of the statute must be accomplished with the "consent" of the victim, but generic theft, as defined in section 101(a)(43)(G) of the Act, requires, as an element, that a taking must be accomplished without the victim's consent. Accordingly, the Immigration Judge determined that the DHS had not met its burden of establishing the respondent's removability by clear and convincing evidence and terminated the proceedings.

## II. ANALYSIS

To determine whether a crime is an aggravated felony for immigration purposes, we must apply the categorical approach outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, only the "fact of conviction and the statutory definition of the prior offense" can be examined. *Id.* at 602; *see also Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (holding that the focus of the categorical approach is on "whether the elements of the crime

---

[2]  Section 211 of the California Penal Code provides as follows:

> Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case"). Whether the elements of section 211 of the California Penal Code match the elements of generic theft under section 101(a)(43)(G) of the Act is a question of law that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

Section 101(a)(43)(G) of the Act defines an aggravated felony in relevant part as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year." To resolve whether the Immigration Judge properly terminated proceedings in this matter, we must decide whether the respondent's offense falls within the generic definition of a theft offense. Theft under section 101(a)(43)(G) is defined as the "taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007) (quoting *Penuliar v. Gonzales*, 435 F.3d 961, 969 (9th Cir. 2006)); *see also Matter of Garcia-Madruga*, 24 I&N Dec. 436, 438, 440 (BIA 2008).

The Immigration Judge's analysis does not recognize that in extortion offenses, "consent" is coerced—that is, it is "induced" and does not constitute the kind of "consent" that exempts an offense from aggravated felony treatment under section 101(a)(43)(G) of the Act. *Scheidler*, 537 U.S. at 410. The phrase "without consent" need not appear in the text of a statute for the prohibited crime to be a theft offense. Rather, we conclude that theft refers more broadly to offenses that involve a taking against the voluntary assent of the victim—meaning offenses with elements that necessarily involve conduct that coerces compliance. *See Matter of Cardiel*, 25 I&N Dec. 12, 20 (BIA 2009) (stating that "the concept of 'consent' used in the law of extortion is highly unconventional and does not connote a voluntary or elective conferral of property").

The California courts have long recognized that extortion requires an offender to induce the victim's "coerced and unwilling consent" and that "the wrongful use of force or fear must be the operating or controlling cause compelling the victim's consent." *People v. Goodman*, 323 P.2d 536, 541 (1958). There is no meaningful difference between a taking of property accomplished against the victim's will and one where his "consent" to parting with his property is coerced through force, fear, or threats. *See Matter of Cardiel*, 25 I&N Dec. at 20–21 (stating that "'consent' obtained under extreme duress through the wrongful use of force or fear does not constitute consent" for purposes of determining if the elements of an offense match those of generic theft). As the Ninth Circuit has explained, the "'with consent' element of generic extortion is not inconsistent with the 'against the will' element of a Cal. Penal Code § 211

conviction for a taking involving threats to property" because "in spite of the different expressions, there is no difference . . . , for both crimes equally require that the defendant's threats induce the victim to give up his property, something which he would not otherwise have done." *See Becerril-Lopez*, 541 F.3d at 892 n.9 (quoting 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.4(b) (2d ed. Westlaw 2003)).

We additionally note that the jury instructions for section 211 of the California Penal Code require as an element that the defendant take property from another "against that person's will." Judicial Council of California Criminal Jury Instructions (2016 edition), CALCRIM No. 1600. According to these instructions, "An act is done *against a person's will* if that person does not *consent* to the act. In order to consent, a person must act freely and voluntarily and know the nature of the act." *Id.*; *see also* Cal. Jury Instr.—Crim. 9.40 (Fall 2016 Revision) ("'Against the will' means without consent.").

Thus, a victim's consent to an extortionate taking does not connote a voluntary conferral of property and is distinguishable from consent obtained through fraud or deceit. *See Matter of Cardiel*, 25 I&N Dec. at 20; *see also Mena v. Lynch*, 820 F.3d 114, 119−20 (4th Cir. 2016) (stating that the "consent" essential to extortion stands in marked contrast to the type of "consent" underlying an embezzlement offense, which is "closely related" to the crime of fraud); *cf. Matter of Garcia-Madruga*, 24 I&N Dec. at 440 n.5 (concluding that a conviction for welfare fraud, which involves the taking or acquisition of property with consent that has been fraudulently obtained, did not qualify as a theft offense under section 101(a)(43)(G)). In *Matter of Garcia-Madruga*, we explicitly declined to provide a precise meaning for the term "consent" in deciding whether crimes involving fraud or deceit fell within the generic definition of aggravated felony theft, and we did not discount the possibility that such a term could encompass "consent induced by coercion." *Id.*

The respondent cites *Lopez-Valencia v. Lynch*, 798 F.3d 863, 866 (9th Cir. 2015), and *United States v. Corona-Sanchez*, 291 F.3d 1201, 1207–08 (9th Cir. 2002) (en banc), in support of his argument that the Ninth Circuit has concluded that a conviction under California's theft statute is categorically not a conviction for an aggravated felony theft offense under section 101(a)(43)(G) of the Act. However, in both decisions the court limited its holding to offenses in which the underlying crime charged is a violation of section 484 of the California Penal Code, which is not at issue here. Moreover, in neither case did the court consider the central issue before us—whether a taking of property falls within the generic definition of theft in section 101(a)(43)(G) when the victim's "consent" has been elicited by force, fear, or threats. As we previously

stated in *Matter of Cardiel*, 24 I&N Dec. at 20, "[I]t is not at all clear to us that extortion would fall outside the scope of the term 'theft offense,' . . . simply by virtue of the fact that an extortionate taking is, in some peculiar sense, not effected 'without consent.'"  *Cf. Chapling v. Mukasey*, 267 F. App'x 516, 517 (9th Cir. 2008) ("[T]he requirement that the property have been obtained by extortion does not cause the full range of conduct criminalized by [section 496(a) of the California Penal Code] to exceed the scope of a generic theft offense.").

We now hold that the generic definition of aggravated felony theft under section 101(a)(43)(G) of the Act encompasses extortionate takings, in which consent is coerced by the wrongful use of force, fear, or threats.  We therefore conclude that the respondent's crime is categorically an aggravated felony theft offense and that he is removable as charged.  Accordingly, the DHS's appeal will be sustained and the record will be remanded to the Immigration Judge for consideration of the respondent's eligibility for relief from removal.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.