# Matter of Juan DELGADO, Respondent

*Decided September 7, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Robbery under section 211 of the California Penal Code, which includes the element of asportation of property, is categorically an aggravated felony theft offense under section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (2012), regardless of whether a violator merely aided or abetted in the asportation of property stolen by a principal.

FOR RESPONDENT:  J. Elle Cox, Esquire, Las Vegas, Nevada

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jonathan Grant, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY, GUENDELSBERGER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated March 1, 2017, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien who was convicted of an aggravated felony theft offense under section 101(a)(43)(G) of the Act, 8 U.S.C. §§ 1101(a)(43)(G) (2012), and denied his applications for relief from removal.  The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Mexico and a lawful permanent resident of the United States.  On December 15, 2005, he was convicted of five counts of robbery in violation of section 211 of the California Penal Code.[1]  He was sentenced to 5 years of incarceration on the first count and an additional 1 year on each of the other four counts, to run consecutively.

To determine whether the respondent's crime is an aggravated felony theft offense under the Act, "we must apply the categorical approach outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990)." *Matter of Ibarra*, 26 I&N Dec. 809, 810 (BIA 2016).  The categorical

---

[1]  Section 211 of California Penal Code defines the crime of robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

approach ignores the particular facts of the respondent's crime and focuses on whether the elements of his State statute of conviction proscribe conduct that categorically falls within the Federal definition of the offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "Under this categorical approach, if 'the elements of the state crime are *the same as or narrower than* the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as an aggravated felony.'" *Diego v. Sessions*, 857 F.3d 1005, 1009 (9th Cir. 2017) (emphasis added) (citation omitted). Whether the respondent's crime is categorically an aggravated felony theft offense is a question of law we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2017).

Generic theft under section 101(a)(43)(G) of the Act is defined as the "taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent."[2] *Matter of Ibarra*, 26 I&N Dec. at 811 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007)). In *Matter of Ibarra*, we addressed whether the generic theft element of taking "without consent" encompasses extortionate takings —those accomplished by force or fear—under section 211 of the California Penal Code. After examining the relevant case law, we concluded that such takings fall within the generic definition of aggravated felony theft and therefore held that a robbery offense in violation of section 211 is categorically an aggravated felony under section 101(a)(43)(G) of the Act.

The issue in *Ibarra* is different from the question raised by the respondent—namely, whether the "taking of property" element of aggravated felony theft encompasses the "taking" contemplated by section 211 of the California Penal Code. The respondent argues that section 211 is overbroad with respect to the Federal definition of theft because a "taking" under California law requires a perpetrator to carry property away (also known as "asportation"). *See, e.g.*, *People v. Hill*, 952 P.2d 673, 703 (Cal. 1998) (stating that the "taking" element of section 211 has two components: (1) gaining control over the property; and (2) asportation).

Asportation was an element of common law larceny and it remains a feature of several States' robbery statutes. *See, e.g.*, *Gutierrez v. State*, 723 S.E.2d 658, 659 (Ga. 2012); *Hill*, 952 P.2d at 703; *State v. Johnson*, 558 N.W.2d 375, 377 (Wis. 1997); *see also* 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3 (2d ed.), Westlaw (database updated Oct. 2016). However, the asportation element of section 211 does not expand the reach

_____

[2] Section 101(a)(43)(G) of the Act defines an aggravated felony, in relevant part, as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year."

of the statute beyond the range of conduct encompassed by the definition of aggravated felony theft. Instead, it narrows it.

The definitions of both robbery in section 211 and aggravated felony theft in section 101(a)(43)(G) of the Act reach "takings" committed by gaining control over the property of another. *Compare Hill*, 952 P.2d at 703, *with Matter of Ibarra*, 26 I&N Dec. at 811. The only difference between the statutes is that section 211 criminalizes a *narrower* subset of "takings" within the broader universe of those encompassed by the generic offense. In other words, the presence of the asportation element of section 211 narrows the reach of the State statute to only some, but not all, "takings" included in the definition of aggravated felony theft. *See* LaFave, *supra*, § 20.3(a)(2) ("[R]obbery under the traditional view requires both a taking and an asportation . . . of the property. Modern statutes, however, are frequently *less demanding*, often reflecting the . . . position that asportation is not required for the underlying theft . . . ." (emphasis added) (footnotes omitted)). Because the elements of robbery in section 211 are the same as or narrower than the elements of aggravated felony theft, all of the conduct proscribed by the State statute necessarily falls within the Federal definition. *See Diego*, 857 F.3d at 1009. We therefore hold that the respondent's robbery offense is categorically an aggravated felony under section 101(a)(43)(G) of the Act.

The respondent relies on unpublished decisions from the United States District Court for the Southern District of California to support his claim that section 211 could be used to successfully prosecute an aider and abettor whose only conduct involved the asportation of property after it had been taken by a principal violator—conduct that falls outside the Federal definition of generic theft. *See United States v. Alonso-Sepulveda*, No. 15CR3084 WQH, 2016 WL 1223355, at *2–4 (S.D. Cal. Mar. 29, 2016); *United States v. Bernal-Sanchez*, No. 15CR1689 WQH, 2016 WL 727070, *4–7 (S.D. Cal. Feb. 24, 2016). We find no merit to this argument.

In *Bernal-Sanchez*, the court concluded that a conviction involving only the asportation of stolen property would not fall within the definition of an aggravated felony. The court reasoned that "[n]o aspect of the generic theft offense covers conduct limited solely to participation in the asportation of the stolen property." *See Bernal-Sanchez*, 2016 WL 727070, at *7. The court further observed that the asportation requirement of section 211 "is not confined to a fixed point in time. The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety." *Id.* (citation omitted) (internal quotation mark omitted).

We understand the reasoning in *Bernal-Sanchez* and similar cases. However, we respectfully point out the Supreme Court's statement that "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission. An intent to advance some

different or lesser offense is not . . . sufficient: Instead, the intent must go to the *specific and entire crime* charged . . . ." *Rosemond v. United States*, 134 S. Ct. 1240, 1248 (2014) (emphasis added) (citation omitted).

California case law similarly reflects that "an aider and abettor must share the specific intent of the perpetrator," which occurs "when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime." *People v. Beeman*, 674 P.2d 1318, 1326 (Cal. 1984). Under section 31 of the California Penal Code, "[a]ll persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense, or aid and abet its commission, . . . *are principals in any crime so committed*." (Emphasis added.) Thus, as the California courts have recognized, "The aider and abettor doctrine merely makes aiders and abettors liable for their accomplices' actions as well as their own. It obviates the necessity to decide who was the aider and abettor and who the direct perpetrator or to what extent each played which role." *People v. Delgado*, 297 P.3d 859, 863 (Cal. 2013) (quoting *People v. McCoy*, 24 P.3d 1210, 1216 (Cal. 2001)).

For this reason, the Supreme Court has concluded that under California law, "one who aids and abets a theft falls, like a principal, within the scope of [the] generic definition" of theft. *Duenas-Alvarez*, 549 U.S. at 189. The United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, relied on *Duenas-Alvarez* in holding that aiding and abetting a crime of violence was an aggravated felony. *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 658 (9th Cir. 2008). The court reasoned that aiders and abettors and principals are convicted under the same statute in California and that "there is no material distinction between an aider and abettor and principals in any jurisdiction of the United States including California and federal courts: aiding and abetting [any crime] is the functional equivalent of personally committing that offense." *Id.* at 659. Accordingly, since a violation of section 211 falls squarely within the Federal definition of theft, a conviction for aiding and abetting such a crime must also fall within this definition. *See id.*; *see also Sales v. Sessions*, No. 15-70885, 2017 WL 3567831, at *4 (9th Cir. Aug. 18, 2017) (holding that the offense of aiding and abetting second degree murder under California law was an aggravated felony).

Furthermore, while we recognize that the asportation requirement of section 211 is not fixed in time and may continue after a principal perpetrator has gained control over stolen property, we conclude that the time for assessing whether a violation of section 211 is categorically an aggravated felony theft offense is at the completion of the crime. At that time, a California robbery offense necessarily contains all of the elements of generic

theft. For example, a hypothetical aider and abettor who claims to have assisted in just the asportation of stolen property can only be convicted of a completed violation of section 211 if he or she had knowledge of the perpetrator's unlawful purpose and acted with the specific intent and purpose of facilitating the commission of the *entire crime*.[3]

As a consequence, a person who is convicted as an aider and abettor in a robbery under section 211 of the California Penal Code, but who has assisted in only the asportation aspect of the offense, is just as culpable of the "taking" as the principal. We therefore conclude that the respondent's conviction for robbery under section 211 of the California Penal Code is categorically a conviction for an aggravated felony theft offense, regardless of whether he committed the offense as an aider and abettor. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3] California Criminal Jury Instruction 3.01 provides, in pertinent part, the following jury instructions for aiding and abetting:

> A person aids and abets the [commission] [or] [attempted commission] of a crime when he or she:
> (1) With knowledge of the unlawful purpose of the perpetrator, and
> (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and
> (3) By act or advice, [or, by failing to act in a situation where a person has a legal duty to act,] aids, promotes, encourages or instigates the commission of the crime.

These instructions must be given in any case in which a defendant is prosecuted as an aider and abettor. *Delgado*, 297 P.3d at 864−65.