**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUDWIN ISRAEL LOPEZ-AGUILAR, *Petitioner*, | No. 17-73153 |
| | Agency No. A074-394-680 |
| v. | |
| WILLIAM P. BARR, Attorney General of the United States, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2019
Portland, Oregon

Filed January 28, 2020

Before: Susan P. Graber and Marsha S. Berzon, Circuit
Judges, and John R. Tunheim,* Chief District Judge.

Opinion by Judge Berzon;
Concurrence by Judge Graber

---

*The Honorable John R. Tunheim, Chief United States District
Judge for the District of Minnesota, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Ludwin Israel Lopez-Aguilar's petition for review of a decision of the Board of Immigration Appeals, which found him removable based on his robbery conviction under Oregon Revised Statutes section 164.395, and held that section 164.395 is not a categorical theft offense and therefore not an aggravated felony under section 101(a)(43)(G) of the Immigration and Nationality Act.

Comparing section 164.935 to the generic definition of theft, the panel held that section 164.935 is facially overbroad because a generic theft offense is defined as the taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, whereas section 164.935 includes consensual takings via theft by deception. The panel concluded that because it is possible to commit theft by deception with the consent of the owner, Oregon's theft statute expressly includes conduct outside of the generic definition.

The panel further held that the additional robbery elements of section 164.395—namely, the use or threat of force to obtain the property—do not limit the reach of the statute to match the generic definition of theft. Noting that a force element generally implies a lack of consent, the panel pointed out that section 164.395 expressly contemplates that such force may be used to compel another person, rather than

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the property owner, to deliver the property or to engage in other conduct which might aid the commission of the theft. For example, a defendant could be convicted if she threatened force against a third party to compel that third party to convince a property owner, by deception, to give the property to the defendant consensually. Similarly, a defendant could be convicted if the taking was consensual (although deceptive), but force was used against a third party to prevent that person from retrieving the property right after it was received by the thief. Consequently, the panel concluded that, even with the additional robbery elements, the text of the statute expressly includes situations involving consensual taking, and therefore is facially overbroad.

Because the government did not argue that section 164.935 was divisible, the panel deemed the issue waived, and ended its inquiry without proceeding to the modified approach.

Concurring, Judge Graber, joined by District Judge Tunheim, agreed with the opinion in full, but wrote separately to add her voice to the substantial chorus of federal judges pleading for the Supreme Court or Congress to "rescue us from the morass of the categorical approach," which requires the performance of absurd legal gymnastics, and produces absurd results.

## COUNSEL

Jennifer K. Lesmez (argued), Law Offices of Jennifer Lesmez, Selah, Washington; Jerome Mayer-Cantú, Oakland, California; for Petitioner.

Imran R. Zaidi (argued) and Matthew A. Spurlock, Trial Attorneys; John S. Hogan and John W. Blakeley, Assistant Directors; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Kari Hong, Ninth Circuit Appellate Program, Boston College Law School, Newton, Massachusetts, for Amici Curiae American Immigration Lawyers Association, Florence Immigrant & Refugee Rights Project, and Innovation Law Lab.

## OPINION

BERZON, Circuit Judge:

Petitioner Ludwin Israel Lopez-Aguilar, a native and citizen of Guatemala, seeks review of a final order of the Board of Immigration Appeals ("BIA") finding him removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), because of his conviction under Oregon Revised Statutes section 164.395, and denying his application for relief under the Convention Against Torture ("CAT"). We grant Lopez-Aguilar's petition because we conclude that section 164.395 is not a categorical theft offense and, therefore, not an aggravated felony under § 101(a)(43)(G) of the INA. Because we conclude that Lopez-Aguilar is not removable, we do not reach the question whether the record supports the BIA's denial of CAT relief.

# I

Lopez-Aguilar is a native and citizen of Guatemala. He entered the United States in 1989, when he was three years old, and became a legal permanent resident in March 2001, when his application for suspension of deportation was granted.

In 2014, Lopez-Aguilar was convicted of third-degree robbery in violation of Oregon Revised Statutes section 164.395 and sentenced to 13 months in prison. The government initiated removal proceedings against Lopez-Aguilar based on the robbery conviction.

An immigration judge ("IJ") found Lopez-Aguilar removable as an alien convicted of an aggravated felony as defined in section 101(a)(43)(G) of the INA, which defines theft offenses for which the term of imprisonment is at least one year. The BIA agreed that the conviction was for a theft offense under section 101(a)(43)(G).[1]

The BIA rejected Lopez-Aguilar's argument that section 164.395 is overbroad because it incorporates theft by deception and thus covers consensual takings. The BIA concluded that the statute requires taking property by force, which negates the consensual nature of theft by deception. The BIA also rejected Lopez-Aguilar's argument that section 164.395 is overbroad because it covers mere unauthorized use of a vehicle, affirmed the denial of Lopez-Aguilar's petition for relief under CAT, and affirmed the order that Lopez-Aguilar be removed to Guatemala.

---

[1] The BIA disagreed with the IJ's alternative conclusion that Lopez-Aguilar's conviction under section 164.395 was for a crime of violence under section 101(a)(43)(F) of the INA.

**II**

We have jurisdiction to review final orders of removal based on a petitioner's commission of an aggravated felony to the extent that the petition "raises . . . questions of law." *Ngaeth v. Mukasey*, 545 F.3d 796, 800 (9th Cir. 2008) (per curiam) (quoting *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 872 (9th Cir. 2008)). Whether a particular offense is an "aggravated felony" under the INA is a question of law that we review de novo. *Id.*

Lopez-Aguilar argues that section 164.395 exceeds the generic definition of a theft offense because it incorporates consensual takings via theft by deception, and the force elements do not impose a requirement that the defendant engage in a nonconsensual taking. We agree.

To determine whether a particular conviction is for a generic offense, we use the categorical and modified categorical approaches of *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). Under the categorical approach, we "compare the elements of the statute forming the basis of the defendant's conviction"—here, Or. Rev. Stat. section 164.395—"with the elements of the 'generic' crime." *Descamps v. United States*, 570 U.S. 254, 257 (2013). There is a categorical match "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* If the statute of conviction is broader than the generic offense, we next determine whether the statute is divisible or indivisible. *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014). Only when an overbroad statute is divisible do we turn to the "modified categorical approach." *Descamps*, 570 U.S. at 263–64. An overbroad and indivisible statute does not constitute a generic crime. *Id.* at 264–65; *Medina-Lara*, 771 F.3d at 1112.

**A**

"A state offense qualifies as a generic offense—and therefore, in this case, as an aggravated felony—only if the full range of conduct covered by [the state statute] falls within the meaning of the generic offense." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202 (9th Cir. 2014) (citation and internal quotation marks omitted). *Gonzales v. Duenas-Alvarez* held that a state conviction is not a categorical match for its generic counterpart if there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." 549 U.S. 183, 193 (2007).

There are two ways to show "a realistic probability" that a state statute exceeds the generic definition. First, there is not a categorical match if a state statute expressly defines a crime more broadly than the generic offense. *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc), *abrogated on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018). As long as the application of the statute's express text in the nongeneric manner is not a logical impossibility, the relative likelihood of application to nongeneric conduct is immaterial. *See United States v. Valdivia-Flores*, 876 F.3d 1201, 1208 (9th Cir. 2017). Second, a petitioner can show that a state statute exceeds the generic definition if the petitioner can "point to at least one case in which the state courts applied the statute" in a situation that does not fit under the generic definition. *United States v. Ruiz-Apolonio*, 657 F.3d 907, 914 (9th Cir. 2011) (citing *Duenas-Alvarez*, 549 U.S. at 193).

Here, the Oregon robbery statute is facially overbroad because its "greater breadth is evident from its text." *Grisel*, 488 F.3d at 850.

Under the INA, a conviction for a generic theft offense that results in a prison term of at least one year is an aggravated felony. 8 U.S.C. § 1101(a)(43)(G). A generic "theft" is defined as the "taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Duenas-Alvarez*, 549 U.S. at 189 (emphasis added) (quoting *Penuliar v. Gonzales*, 435 F.3d 961, 969 (9th Cir. 2006)).

The Oregon robbery statute of conviction here provides:

(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:

> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

Or. Rev. Stat. § 164.395. Section 164.395 incorporates Oregon's definition of theft, which includes "theft by deception." Or. Rev. Stat. §§ 164.015(4), 164.085.

The first requirement of section 164.395 is a theft or attempted theft or unauthorized use of a vehicle. A theft by deception satisfies this element. *See* Or. Rev. Stat. §§ 164.015(4), 164.085. The generic definition of theft requires that the taking be without consent. *Alvarado-Pineda*, 774 F.3d at 1202. We have explained elsewhere that theft statutes which include theft by deception fall outside the generic definition for theft. *See, e.g.*, *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868 (9th Cir. 2015) (explaining that California's theft statute is overbroad because it includes conduct such as theft by false pretenses, which could be consensual); *United States v. Rivera*, 658 F.3d 1073, 1077 (9th Cir. 2011) (same), *abrogated on other grounds by Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015). Because it is possible to commit theft by deception with the consent of the owner, Oregon's theft statute expressly includes conduct outside of the generic definition.

The additional robbery elements of section 164.395—namely, the use or threat of force to obtain the property—do not limit the reach of the statute to match the generic definition of theft. A force element generally implies a lack of consent—the force can be used, for example, to overcome resistance or otherwise compel behaviors. But the statute here expressly contemplates that such force may be used to "compel[]" "another person," rather than the property owner, "to deliver the property or to engage in other conduct which might aid the commission of the theft." Or. Rev. Stat. § 164.395(1)(b).

Consequently, even with the additional robbery elements, the text of the statute expressly includes situations

involving consensual takings. Under subsection (b), a defendant could be convicted if she threatened force against a third party to compel that third party to convince a property owner, by deception, to give the property to the defendant consensually. *See* Or. Rev. Stat. § 164.395(1)(b) (covering threatened force used to "compel[] . . . another person to . . . engage in [] conduct which might aid in the commission of the theft"). In that scenario, the property would have been taken with the consent of the owner, and the force used would not negate the owner's consent because the force was used against a third party without the owner's knowledge.

Similarly, under subsection (a), a defendant could be convicted if the taking was consensual (although deceptive), but force was used against a third party to prevent that person from retrieving the property right after it was received by the thief. In that case, the thief would use "physical force upon another person with the intent of . . . [p]reventing or overcoming resistance . . . to retention [of the property] immediately after the taking." *See id.* § 164.395(1)(a).

Although correctly recognizing that the plain text of section 164.395 does not require that the defendant engage in a nonconsensual taking, the BIA reasoned that the force requirement would necessarily nullify consent, because "[t]here is no meaningful difference between a taking of property accomplished against the victim's will and one where his 'consent' to parting with his property is coerced through force, fear, or threats," citing *Matter of Ibarra*, 26 I. & N. Dec. 809, 811 (B.I.A. 2016). But, as we have noted, under the plain text of the statute, it is possible to apply the force needed for a third-degree robbery against a third person while engaging in a taking that is consensual with regard to the victim of the robbery. The state statute at issue in *Matter of Ibarra*, by contrast, explicitly required "the

felonious taking of personal property in the possession of another . . . against *his* will." 26 I. & N. Dec. at 810 n.2 (emphasis added) (quoting Cal. Penal Code § 211); *see also id.* at 812 ("[T]he jury instructions for section 211 of the California Penal Code require as an element that the defendant take property from another 'against that person's will.'" (citation omitted)).

In short, unlike the generic theft offense, section 164.395 does not require that the defendant engage in a nonconsensual taking. As the Oregon statute expressly includes consensual takings, it is facially overbroad. *See Grisel*, 488 F.3d at 850.

## B

Because we hold that the statute is overbroad, we move to the next step in the analysis: determining whether the statute is divisible, such that application of the modified categorical approach is appropriate. *See Lopez-Valencia*, 798 F.3d at 867–68.

Oregon's third-degree robbery statute is indivisible. In this case, the government did not argue otherwise. "On the merits of the divisibility inquiry, the government did not argue to us that section 164.395 is divisible. We therefore deem the issue waived." *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019). Because the statute of conviction is both overbroad and indivisible, the modified approach "has no role to play in this case" and the inquiry ends. *Descamps*, 570 U.S. at 264.

## III

Accordingly, we hold that section 164.395 is facially overbroad and indivisible. As it therefore does not qualify as

a categorical theft offense, it does not count as an aggravated felony under section 101(a)(43)(G) of the INA.

Because Lopez-Aguilar's conviction was not for an aggravated felony, he is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii). We therefore grant the petition.

**Petition GRANTED.**

---

GRABER, Circuit Judge, with whom Judge Tunheim joins, concurring:

I join the majority opinion in full. I write separately to add my voice to the substantial chorus of federal judges pleading for the Supreme Court or Congress to rescue us from the morass of the categorical approach. *See, e.g.*, *United States v. Brown*, 879 F.3d 1043, 1051–52 (9th Cir. 2018) (Owens, J., concurring) (noting that "countless judges" have "urg[ed] an end" to the categorical approach); *United States v. Valdivia-Flores*, 876 F.3d 1201, 1210 (9th Cir. 2017) (O'Scannlain, J., specially concurring) (collecting cases). The categorical approach requires us to perform absurd legal gymnastics, and it produces absurd results.

As the majority opinion explains, Oregon Revised Statutes section 164.395 is not a categorical match for the generic theft offense because it incorporates consensual takings. But I can conceive of very few scenarios in which a defendant could use, or threaten the immediate use of, physical force against a third party while carrying out a taking that was consensual from the property owner's perspective. And in my view those scenarios are unlikely to occur and to be prosecuted under this statute. Regardless of the existence of possible examples of consensual takings

under section 164.395, the fundamental problem is that, to escape the consequences of his actions under our immigration laws, Petitioner need not show that *he* carried out a consensual taking. Without a doubt, there are better ways to decide these cases. *See, e.g.*, *Brown*, 879 F.3d at 1051 (advocating for "[a] regime based on the length of previous sentences, rather than on the vagaries of state law").

The categorical approach allows individuals who have been convicted of serious crimes to avoid removal, so long as they are "clever enough to find some space in the state statutory scheme that lies outside the federal analogue." *Valdivia-Flores*, 876 F.3d at 1211. As my colleagues have noted, we have no discretion in removal cases such as this one to correct absurd results—indeed, we must turn a blind eye even when the defendant's actions underlying his state conviction unquestionably meet the definition of the generic federal offense. *Id.*

It is past time for someone with the power to fix this mess to do so.