Zeng v. Barr

BIA
A040 009 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

YA YI ZENG, AKA ZENG YA YI
> *Petitioner,*

v.                                                      19-2334
                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             MATTHEW L. GUADAGNO, Law Office of
                            Matthew L. Guadagno, New York, NY
                            (Kerry W. Bretz, Bretz & Coven, LLP,
                            New York, NY, *on the brief*).

FOR RESPONDENT:             ERICA B. MILES (Lindsay B. Glauner, *on
                            the brief*), United States Department
                            of Justice, Office of Immigration
                            Litigation, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ya Yi Zeng, a native and citizen of the People's Republic of China, seeks review of a BIA decision denying his motion to terminate and affirming his order of removal. *In re Ya Yi Zeng*, No. A040 009 879 (B.I.A. June 27, 2019). Zeng challenges the BIA's determination that his extortion conviction, under 18 U.S.C. § 1951(b)(2), was an aggravated felony "theft offense" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(G). More specifically, Zeng argues that (1) the Department of Homeland Security ("DHS") waived the theft offense charge before the agency by failing to pursue it throughout the proceedings, and (2) his federal conviction is not categorically an aggravated felony "theft offense" because extortion under § 1951(b)(2) involves the taking of property with consent, while the BIA has defined a "theft offense" as the taking of property without consent.

Our jurisdiction to review a final order of removal where, as here, the non-citizen is ordered removed for an aggravated felony, is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D). Zeng's challenge to the BIA's aggravated felony determination presents a question of law that we review *de*

2

*novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to deny the petition for review.

As a threshold matter, we consider Zeng's argument that DHS waived this theft offense charge of removability by failing to brief it earlier in his removal proceedings, and that permitting the Government to rely on the theft offense after waiving it denied him due process. We find this argument unpersuasive. Although Zeng was initially charged as removable in 1998 on the ground that his extortion conviction was an aggravated felony crime of violence, with DHS only later, in 2001, adding a charge that the same conviction rendered him removable for an aggravated felony theft offense, federal regulations allow DHS to file additional or replacement charges of removability "[a]t any time" during ongoing removal proceedings and provide the applicant time to respond to those charges. *See* 8 C.F.R. § 1003.30. Moreover, "[t]o establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007)(quotation marks omitted); *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in

3

immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)). Here, Zeng received notice of this charge in 2001 and had a full opportunity to challenge it before the agency. Accordingly, the theft offense charge of removability was not waived, and its addition as a charge in 2001 did not violate due process.

With respect to the merits, in determining whether a conviction is an aggravated felony, we employ a "categorical approach," under which "we consider the offense generically," examining it "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012) (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). Generally, if there is not a categorical match, the agency or court must determine whether the statute of conviction is divisible; if so, the agency identifies the section of the statute under which the non-citizen was convicted and then determines whether a conviction under that section is categorically an aggravated felony. *Moncrieffe v. Holder*, 569 U.S. 184, 192 (2013); *see also Descamps v. United States*, 570 U.S. 254, 264 (2013); *Mendez v. Mukasey*, 547 F.3d 345, 348 (2d Cir. 2008).

4

The parties do not dispute divisibility in this case and, thus, for purposes of this decision, we limit our review to whether a conviction under 18 U.S.C. § 1951(b)(2) for extortion, defined as "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear" is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), defined as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."

Because the INA does not define "theft offense," this Court has already held that we must defer to the BIA's reasonable interpretation of that term. *See Abimbola v. Ashcroft*, 378 F.3d 173, 175–76 (2d Cir. 2004) (holding that when a term in INA is undefined, the "BIA's interpretation is 'given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute'" (alteration in original) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 844 (1984))).

In distinguishing between theft offenses and fraud offenses, *see* 8 U.S.C. § 1101(a)(43)(M), the BIA has defined the former as "the taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent," *Matter of Delgado*, 27 I. & N. Dec. 100,

5

101 (B.I.A. 2017) (quotation marks omitted).[1]  The definition,

however, is necessarily read in light of the BIA's decision a year

earlier in *Matter of Ibarra*, 26 I. & N. Dec. 809 (B.I.A. 2016),

which indicates that the "without consent" prong means without

*voluntary* consent.  As the BIA explained in *Ibarra*,

> The phrase "without consent" need not appear
> in the text of a statute for the prohibited
> crime to be a theft offense.  Rather, we
> conclude that theft refers more broadly to
> offenses that involve a taking against the
> voluntary assent of the victim—meaning
> offenses with elements that necessarily
> involve conduct that coerces compliance.

*Id.* at 811.  Thus, the BIA concluded that conviction under a

California statute that "proscribes generic extortion" (in

addition to other offenses) was for an aggravated felony because

"theft offense" "encompasses extortionate takings, in which

consent is coerced by the wrongful use of force, fear, or threats."

*Id.* at 810, 813; *see also Matter of Cardiel-Guerrero*, 25 I. & N.

Dec. 12, 20 (B.I.A. 2009).

In considering the reasonableness of the BIA's construction

of "theft offense" under the INA to include extortion crimes, we

are mindful that this construction comports with the broad

---

[1] The BIA defines "an offense that . . . involves fraud or deceit"—
which can also be an aggravated felony if the victim's loss exceeds
$10,000, 8 U.S.C. § 1101(a)(43)(M)—as "the taking or acquisition
of property with consent that has been fraudulently obtained,"
*Matter of Garcia-Madruga*, 24 I. & N. Dec. 436, 440 (B.I.A. 2008).

understanding of "theft" as defined in the Model Penal Code, which does not differentiate between takings with or without consent and encompasses a broad range of offenses, including "Theft by Extortion." *See* Model Penal Code §§ 223.2–223.9. Similarly, Black's Law Dictionary defines theft as an umbrella term, under which many modern penal codes have consolidated a variety of offenses, including extortion crimes. *Theft*, Black's Law Dictionary (11th ed. 2019). This broad concept of "theft" aligns with statements in a summary order in which we remanded for the agency to consider the distinction between fraud and theft crimes in the immigration context, while nevertheless stating that obtaining property by extortion is a means of "taking without consent." *Bastian-Mojica v. Sessions*, 716 F. App'x 45, 47 (2d Cir. 2017).

Considering the broad concept of theft and the support for the BIA's interpretation of extortion as a "theft offense," we find its interpretation reasonable and defer to it. *See Chevron*, 467 U.S. at 843-44; *see also Almeida v. Holder*, 588 F.3d 778, 784–85 (2d Cir. 2009) (noting that "the BIA concluded that any crime meeting the Model Code's broad definition of 'theft' qualified as a 'theft offense' for purposes of the INA" and deferring to the BIA's "decision to construe 'theft offense' as a broad, generic term"); *Abimbola*, 378 F.3d at 179 ("[T]his Circuit has already

7

concluded that the legislative history of [§ 1101(a)(43)(G)] and its plain language indicate a clear congressional intent to expand the definition of aggravated felony as applied to *theft offenses* to bring more convictions within its ambit."). Specifically, we defer to the BIA's definition of a "theft offense" under the INA to include the extortionate taking of property even with consent where that consent is coerced.

Here, the BIA concluded that Zeng's statute of conviction, Hobbs Act extortion, matches the generic definition of "theft offense" as articulated in its precedents. That statute comports with the BIA's recognition of extortion as a "theft offense" because it contains an element of consent that must be "induced by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. § 1951(b)(2); *see Ocasio v. United States*, 136 S. Ct. 1423, 1435 (2016) (characterizing Hobbs Act extortion as requiring "grudging consent" induced by threat); *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005) (explaining victim of Hobbs Act extortion "acts from fear, whether of violence or exposure").

Zeng's several arguments against this conclusion are unavailing. First, he argues that the consent element of Hobbs Act extortion precludes it from categorical classification as a "theft offense." This contention, however, overlooks the BIA's holding that extortion statutes qualify as theft offenses only if,

8

like the Hobbs Act, they contain an element of consent "coerced by the wrongful use of force, fear, or threats." *Matter of Ibarra*, 26 I. & N. Dec. at 813. Such coerced consent "does not connote a voluntary conferral of property" and, thus, maintains the distinction between theft and fraud offenses, while comporting with the BIA's definition of "theft offense" as "refer[ring] more broadly to offenses that involve a taking against the voluntary assent of the victim." *Id.* at 811-12.

Next, Zeng argues that Hobbs Act extortion does not match the generic definition of "theft offense" because it does not contain a *mens rea* element. This contention is defeated by precedent, which holds that 18 U.S.C. § 1951(b)(2) requires proof "that the defendant knowingly and willfully created or instilled fear, or used or exploited existing fear with the specific purpose of inducing another to part with property." *See United States v. Coppola*, 671 F.3d 220, 241 (2d Cir. 2012).

Last, Zeng argues that we should utilize the rule of lenity to reject the BIA's conclusion that Hobbs Act extortion is a "theft offense" under the INA; we disagree. The rule of lenity may be invoked only "when none of the other canons of statutory interpretation is capable of resolving the statute's meaning and the BIA has not offered a reasonable interpretation of the statute." *Adams v. Holder*, 692 F.3d 91, 107 (2d Cir. 2012)

9

(quotation marks omitted). Because Zeng identifies no ambiguity in the Hobbs Act and we find the BIA's interpretation of the INA to be reasonable, we decline Zeng's invitation to resort to this canon of construction.

Applying the BIA's "theft offense" definition here, although Zeng's statute of conviction involved an extortionate taking with consent, because that consent was "induced by wrongful use of actual or threatened force, violence, or fear," 18 U.S.C. § 1951(b)(2), we agree with the BIA that his conviction under § 1951(b)(2) is categorically a "theft offense" under 8 U.S.C. § 1101(a)(43)(G), and he is removable on the basis of that aggravated felony.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10