**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ISRAEIL GUZMAN-MALDONADO,

                    Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

                    Respondent.

No. 23-9

Agency No.
A044-561-628

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024[*]
Phoenix, Arizona

Filed February 14, 2024

Before: Marsha S. Berzon, Andrew D. Hurwitz, and
Anthony Johnstone, Circuit Judges.

Opinion by Judge Hurwitz

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Immigration

Denying Israeil Guzman-Maldonado's petition for review of a decision of the Board of Immigration Appeals, the panel held that a conviction for armed robbery in violation of Arizona Revised Statutes ("A.R.S.") § 13-1904(A), for which the term of imprisonment imposed is at least one year, is categorically an aggravated felony theft offense giving rise to removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

Applying the categorical approach, the panel explained that the elements of generic federal theft are (1) a taking of property or an exercise of control over property (2) without consent of the owner (3) with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent. As for the Arizona offense of armed robbery, the panel explained that the state must prove that the defendant, while armed with a real or simulated deadly weapon, (1) took property from a person or his immediate presence (2) against that person's will (3) using or threatening force with the coexistent intent to take the property.

Comparing the elements of the generic federal crime and of Arizona armed robbery, the panel concluded that Guzman's conviction under A.R.S. § 13-1904(A) necessarily required proof of each element of generic theft, and that the Arizona offense is therefore on its face an

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

aggravated felony under 8 U.S.C. § 1101(a)(43)(G) if the term of imprisonment is, as it was in this case, at least one year. Thus, the panel concluded that the agency did not err in finding Guzman removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

## COUNSEL

Christopher J. Stender, Federal Immigration Counselors AZ PC, Phoenix, Arizona, for Petitioner.

Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, Civil Division; John S. Hogan, Assistant Director; Office of Immigration Litigation; Brian Boynton, Principal Deputy Attorney General, Civil Division; United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

HURWITZ, Circuit Judge:

Israeil Guzman-Maldonado, a citizen of Mexico and lawful permanent resident of the United States, pleaded guilty in Arizona superior court in 2019 to three counts of armed robbery in violation of Arizona Revised Statutes ("A.R.S.") § 13-1904(A). He was sentenced to concurrent eight-year terms on the first two counts and two years of probation on the third. In 2022, an immigration judge ordered Guzman removed because he had been convicted of (1) an aggravated felony theft offense, and (2) two crimes involving moral turpitude ("CIMTs") not arising from a

single scheme. The Board of Immigration Appeals dismissed Guzman's appeal, and he now petitions for review.

We conclude that an Arizona armed robbery conviction for which the term of imprisonment imposed is at least one year is an aggravated felony theft offense giving rise to removability under 8 U.S.C. § 1227(a)(2)(A)(iii). We therefore deny the petition.

I.

A noncitizen convicted of an aggravated felony after admission is removable. *Id.* "[A] theft . . . or burglary offense for which the term of imprisonment" is "at least one year" is an aggravated felony under the Immigration and Nationality Act ("INA"). *Id.* § 1101(a)(43)(G). Although the INA generally precludes judicial review of removal orders based on aggravated felonies, *id*. § 1252(a)(2)(C), we retain jurisdiction over "constitutional claims or questions of law raised" in petitions for review challenging such orders, *id.* § 1252(a)(2)(D). "Whether an offense is an aggravated felony for [removal] purposes is a question of law." *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011) (quoting *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006)).

We "employ the categorical approach to determine whether a state criminal conviction is an aggravated felony" under the INA. *Medina-Rodriguez v. Barr*, 979 F.3d 738, 744 (9th Cir. 2020). The inquiry proceeds in three parts: first, we "identify the elements of the generic federal offense"; second, we "identify the elements of the specific crime of conviction"; and third, "we compare the statute of conviction to the generic federal offense to determine whether the specific crime of conviction meets the definition

of an aggravated felony." *Yim v. Barr*, 972 F.3d 1069, 1077–78 (9th Cir. 2020) (cleaned up). The determinative issue is whether the state conviction "necessarily involved facts equating to the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (cleaned up).

We therefore begin by identifying the elements of generic federal "theft." Those elements are (1) "a taking of property or an exercise of control over property" (2) "without consent" of the owner (3) "with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc) (quoting *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir. 2001)).

We next turn to the elements of the crime of conviction. The state statute Guzman was convicted of violating, A.R.S. § 13-1904(A), provides that:

> A person commits armed robbery if, in the course of committing robbery as proscribed in section 13-1902, the person or an accomplice does any of the following:
>
> 1. Is armed with a deadly weapon or a simulated deadly weapon.
> 2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.
> 3. Takes possession of or attempts to take possession of a deadly weapon.

The cross-referenced provision, A.R.S. § 13-1902, provides that:

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

Thus, to establish armed robbery, the state must prove that the defendant, while armed with a real or simulated deadly weapon, (1) took property from a person or his immediate presence (2) against that person's will (3) using or threatening force with the coexistent intent to take the property. *See State v. Wallace*, 728 P.2d 232, 235 (Ariz. 1986).

A comparison of the elements of the generic federal crime and of Arizona armed robbery shows that Guzman's conviction under A.R.S. § 13-1904(A) "necessarily" required proof of each element of generic theft. *See Moncrieffe*, 569 U.S. at 190. The Arizona offense is therefore on its face an aggravated felony under the INA if the term of imprisonment is, as it was in this case, at least one year. 8 U.S.C. § 1101(a)(43)(G). Indeed, the Arizona statute is materially identical to a Washington robbery statute that we have previously held to involve an aggravated felony theft offense. *See United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202–03 (9th Cir. 2014) (involving Wash. Rev. Code § 9A.56.190, which defines robbery as the taking of "personal property from the person of another or in his or her presence against his or her will by the use or threatened

use of immediate force, violence, or fear of injury," and has been interpreted by state courts to require "specific intent to steal"); *see also Alfred v. Garland*, 64 F.4th 1025, 1031, 1048 (9th Cir. 2023) (en banc) (declining to revisit *Alvarado-Pineda*).

## II.

Guzman argues that the Arizona statute, like the Oregon statute at issue in *Lopez-Aguilar v. Barr*, 948 F.3d 1143 (9th Cir. 2020), prohibits conduct that would not constitute generic theft because it encompasses "consensual" takings. That argument fails.

Under the Oregon statute, robbery could be committed "in the course of committing or attempting to commit theft," which in turn was defined to include "theft by deception." *Id.* at 1147–48 (citing Or. Rev. Stat. §§ 164.015(4), 164.085, 164.395). Because "theft by deception" includes "consensual" takings, "such as theft by false pretenses," we held that the Oregon robbery statute was broader than generic theft. *Id.* at 1147–49 (citing *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015)); *see also Corona-Sanchez*, 291 F.3d at 1205 (stating that generic theft crimes occur "without consent").

The Arizona armed robbery statute, however, applies only to offenses committed "in the course of committing *robbery*." A.R.S. § 13-1904(A) (cross-referencing § 13-1902) (emphasis added). The statute thus applies only to thefts committed "against [the] will" of the property owner, *id.* § 13-1902, matching the requirement of the generic crime that the taking occur "without consent." Thus, although it may be possible in Arizona to commit *theft* by consensual means, *see id.* § 13-1802(A)(2), (3), Arizona *robbery*, like the generic crime of theft, requires a taking without consent.

Guzman also urges that Arizona armed robbery covers the theft of services, which would make it broader than generic theft. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003) (holding that a conviction for theft under A.R.S. § 13-1802 is not a generic theft offense because "services are not property"). That argument also fails. Although Arizona's *theft* statute encompasses theft of services, A.R.S. § 13-1802(A)(3); *Huerta-Guevara*, 321 F.3d at 887, the *robbery* statute, like the generic crime, criminalizes only the taking of "property," A.R.S. § 13-1902.**[1]**

### III.

A conviction pursuant to A.R.S. § 13-1904(A) categorically constitutes a generic theft offense. The agency therefore did not err in finding Guzman removable under 8 U.S.C. § 1227(a)(2)(A)(iii).**[2]**

**PETITION FOR REVIEW DENIED.**

---

[1] The Arizona criminal statutes separately define "property," *see* A.R.S. § 13-1801(12), and "services," *see id*. § 13-1801(14).

[2] Because we agree with the agency that Guzman was removable because of his aggravated felony conviction, we need not consider whether he was also convicted of two CIMTs not arising out of a single scheme.